## Saving Fund Society of Germantown v. Hawkins

*Thomson F. Edwards*, for petitioners.
*Leonard S. Abrams*, contra.

JAMISON, *J.* March 12, 1975—On October 16, 1964, Julian V. Hawkins, Jr., and his wife, Juliana, defendants, executed a mortgage for $16,300 secured upon their home, 802 East Upsal Street, Philadelphia, Pa., in favor of Saving Fund Society of Germantown and Its Vicinity, plaintiff. By reason of defendants' failure to pay the monthly installments of principal, interest and escrow for the month of December 1973, and continuously thereafter, plaintiff instituted the present foreclosure proceedings. After judgment was entered on September 26, 1974, the property was offered for sale by the sheriff on December 2, 1974. It was purchased by Herman Neumann, who, pursuant to stipulation of counsel, was permitted to intervene as a party-respondent in these proceedings.

On December 11, 1974, on petition of defendants to set aside the sale on the sole ground that they had not received notice of the sale, the court entered a rule on plaintiff to show cause why the sheriff's sale should not be set aside. After depositions were taken, defendants abandoned their original contention pursuant to which the rule was granted, acknowledged the absence of technical deficiencies in the foreclosure proceedings, and, for the first time, urged that the sheriff's sale should be set

aside because of inadequate representation of defendants by the attorney who formerly represented them in the foreclosure proceedings.

The court is not persuaded that defendants were inadequately or improperly represented by counsel in the foreclosure proceedings. On October 1, 1974, approximately two months prior to the sheriff's sale on December 2, 1974, counsel wrote to Mr. Hawkins, one of the defendants, advising him of the absolute necessity of speaking with him. On October 3, 1974, counsel again requested by letter that Mr. Hawkins call him, emphasizing the urgency of the matter. On October 7, 1974, counsel wrote to the representative of plaintiff bank, advising it that he had communicated with Mr. Hawkins, who could pay the arrearages, together with costs in the amount of $2,045.40 by the end of October 1974. Approximately one week before the sale, plaintiff's representative confirmed to defendants' counsel that the property was to be sold on December 2, 1974, whereupon counsel unsuccessfully tried to reach Mr. Hawkins by telephone. He also communicated with an organization named CEPA and asked it to communicate with Mr. Hawkins. Someone from CEPA personally drove to the home of defendants before the sale, as did counsel, to advise them of the impending sale.

The notes of plaintiff's counsel indicate that on November 1, 1974, plaintiff's representative spoke with counsel for defendants, who was surprised that plaintiff had not heard from defendants. In this connection, it should be noted that although the judgment was entered on September 26, 1974, the writ of execution was not issued until November 4, 1974. This lapse resulted from the arrangement between defendants' counsel and plaintiff's rep-

resentative to give Mr. Hawkins the opportunity to pay the arrearages.

Defendants did not avail themselves of the many opportunities afforded them to pay the arrearages before the sheriff's sale. The conduct of their attorney is unrelated to their failure to tender the amount of the arrearages at any time. Defendants had full knowledge of the arrearages and no longer contend that they were denied the benefit of all the safeguards provided by the Pennsylvania Rules of Civil Procedure.

After careful consideration of the pleadings, depositions, memoranda and supplemental memoranda, the court enters the following

## ORDER

And now, March 12, 1975, defendants' rule to set aside the sheriff's sale is discharged.